Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
5050 N.40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Janna Harris**, an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**Horizon Group Homes, LLC**, an Arizona company; **Stephen Foster,** an Arizona resident; and **Gabriella Foster,** an Arizona resident;<br><br>Defendants. | Case No.<br><br>**VERIFIED COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiff Janna Harris ("**Plaintiff**"), for her Verified Complaint against Defendants Horizon Group Homes, LLC ("**Horizon**"); Stephen Foster; and Gabriella Foster (**"Defendants"**), hereby alleges as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action against Defendants for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**").

2. This action is also brought to recover overtime compensation, liquidated or

double damages, and statutory penalties resulting from Defendants' violations of the FLSA.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

5. Plaintiff was employed by Defendants in this District.

## PARTIES

6. At all relevant times to the matters alleged herein, Plaintiff Janna Harris resided in the District of Arizona.

7. At all relevant times to the matters alleged herein, Plaintiff Janna Harris was a full-time employee of Defendants from on or around December 12, 2020, until on or around November 11, 2021 ("**all relevant times**").

8. At all relevant times to the matters alleged herein, Plaintiff Janna Harris was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

9. At all relevant times to the matters alleged herein, Plaintiff Janna Harris was a non-exempt employee.

10. Defendant Horizon is a company authorized to do business in Arizona.

11. Defendant Horizon was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

12. Defendant Stephen Foster is an Arizona resident.

13. Defendant Stephen Foster has directly caused events to take place giving rise to this action.

14. At all relevant times, Defendant Stephen Foster was a member of Horizon.

15. At all relevant times, Defendant Stephen Foster was an owner of Horizon.

16. At all relevant times, Defendant Stephen Foster was an employer of Horizon.

17. Defendant Stephen Foster has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

18. Defendant Stephen Foster had the authority to hire and fire employees.

19. Defendant Stephen Foster had the authority to hire and fire Plaintiff.

20. On or around December 12, 2020, Defendant Stephen Foster interviewed and hired Plaintiff.

21. Defendant Stephen Foster supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

22. Defendant Stephen Foster would email work schedules to employees.

23. Defendant Stephen Foster determined the rate and method of Plaintiff's payment of wages.

24. On December 12, 2020, Defendant Stephen Foster sent Plaintiff an email stating "This position is an Independent Contractor position, therefore no taxes will be withheld from your paycheck."

25. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Stephen Foster is subject to individual and personal liability under the FLSA.

26. Defendant Gabriella Foster is an Arizona resident.

27. Defendant Gabriella Foster has directly caused events to take place giving rise to this action.

28. At all relevant times, Defendant Gabriella Foster was a member of Horizon.

29. At all relevant times, Defendant Gabriella Foster was an owner of Horizon.

30. At all relevant times, Defendant Gabriella Foster was a manager of Horizon.

31. At all relevant times, Defendant Gabriella Foster was an employer of Horizon.

32. Defendant Gabriella Foster has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

33. Defendant Gabriella Foster had the authority to hire and fire employees.

34. Defendant Gabriella Foster had the authority to hire and fire Plaintiff.

35. On or around December 12, 2020, Defendant Gabriella Foster interviewed and hired Plaintiff.

36. On or around November 11, 2021, Defendant Gabriella Foster fired Plaintiff.

37. Defendant Gabriella Foster supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

38. Defendant Gabriella Foster would give Plaintiff tasks that had to be completed every day.

39. Defendant Gabriella Foster determined the rate and method of Plaintiff's payment of wages.

40. Defendant Gabriella Foster gave Plaintiff raises.

41. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Gabriella Foster is subject to

individual and personal liability under the FLSA.

42. Upon reasonable belief, during Plaintiff's employment with Defendants, Defendant Gabriella Foster and Defendant Stephen Foster were legally married.

43. Defendant Gabriella Foster and Defendant Stephen Foster have caused events to take place giving rise to this action as to which their marital community is fully liable.

44. Under the principle of marital community property, all actions by one individual are imputed on the marital community property.

45. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

46. Defendants, and each of them, are sued in both their individual and corporate capacities.

47. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

48. Upon reasonable belief, Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2020.

49. Upon reasonable belief, Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2021.

50. At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

51. At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

52. Plaintiff, in her work for Defendants, regularly handled goods produced and transported in interstate commerce.

53. Plaintiff used email and telephone for communication.

54. Plaintiff is a covered employee under individual coverage.

55. Plaintiff is a covered employee under enterprise coverage.

## FACTUAL ALLEGATIONS

56. The entity Defendant is rehabilitation center.

57. On or around December 12, 2020, Plaintiff Janna Harris commenced employment with Defendants as a behavioral health technician.

58. Plaintiff's primary job duties included running groups, meal prep, cleaning, supervising outings and helping patients find jobs.

59. Plaintiff did not have the authority to hire and/or fire employees.

60. At any given time, Plaintiff did not manage two or more employees.

61. Plaintiff did not exercise discretion and independent judgment with respect to matters of significance.

62. From her hire, until March 2021, Plaintiff was paid at a rate of $12.50 an hour.

63. Beginning in March 2021, until on or around June 2021, Plaintiff was paid at a rate of $12.75.

64. Beginning June 2021, until on or around November 11, 2021, Plaintiff was paid at a rate of $14.50 an hour.

65. Plaintiff Janna Harris routinely worked in excess of 40 hours per week.

66. Plaintiff Janna Harris was not provided with the required one and one-half times pay premium as required by the FLSA for all her worked overtime hours.

67. Plaintiff estimates that she is owed approximately 618.75 hours of overtime pay.

68. For example, during the workweek of August 23, 2021, Plaintiff worked approximately 32 hours of overtime.

69. Plaintiff was only paid straight time for all overtime hours worked.

70. Plaintiff was misclassified as an independent contractor.

71. Defendants had total control of Plaintiff in all aspects of her job.

72. Defendants had certain rules that Plaintiff must follow.

73. Plaintiff did not have an opportunity for profit or loss based on her work for Defendants.

74. Plaintiff did not invest in equipment or materials in her work for Defendants.

75. Plaintiff did not employ any helpers in her work for Defendants.

76. Plaintiff's work for Defendants did not require a special skill.

77. At all relevant times during Plaintiff's employment, Defendants failed to properly compensate Plaintiff for all her overtime hours.

78. Defendants were aware that Plaintiff's working hours routinely exceeded 40 hours.

79. Defendants required Plaintiff to work overtime as a condition of her employment.

80. Defendants wrongfully withheld wages from Plaintiff by failing to pay all

wages due for overtime hours Plaintiff worked.

81. Defendants refused and/or failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

82. Defendants have not kept proper records in violation of 29 C.F.R. § 516.2.

83. Defendants failed to post and keep posted in a conspicuous place the required poster / notice explaining employee rights under the FLSA pursuant to 29 C.F.R. § 516.4.

84. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

### COUNT I
### (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

85. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

86. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

87. Plaintiff is an employee entitled to the statutorily mandated overtime wages.

88. Defendants have intentionally failed and/or refused to pay Plaintiff's overtime wages according to the provisions of the FLSA.

89. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 207.

90. In addition to the amount of unpaid overtime wages owed to Plaintiff, she is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

91. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

92. Defendants knew Plaintiff was not being compensated overtime for time worked in excess of 40 hours in a given workweek and failed to pay proper overtime wages.

93. Defendants knew their failure to pay overtime wages was a violation of the FLSA.

94. Defendants have not made a good faith effort to comply with the FLSA.

95. Plaintiff is also entitled to an award of attorneys' fees, costs, and other statutory damages pursuant to 29 U.S.C. § 216(b).

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed the following acts:

  i. violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

  ii. willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

B. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), and all other causes of action set forth herein;

F.    Any other remedies or judgments deemed just and equitable by this Court.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED December 10, 2021.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorneys for Plaintiff

**VERIFICATION**

Plaintiff Janna Harris declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and as to those matters, she believes them to be true.

_____
Janna Harris

ZOLDAN LAW GROUP, PLLC
5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com